**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50141 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00332-DMS-1 |
| v. | |
| SALEH MAHMOUD ZAHRAN, AKA Mahmoud Saleh Akel, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50142 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04126-DMS-1 |
| v. | |
| SALEH MAHMOUD ZAHRAN, AKA Mahmoud Saleh Akel, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50155 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00332-DMS-1 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

```
          v.

   SALEH MAHMOUD ZAHRAN, AKA
   Mahmoud Saleh Akel,

            Defendant - Appellant.
```

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted March 2, 2015[**]
Pasadena, California

Before: PREGERSON, FERNANDEZ, and NGUYEN, Circuit Judges.

Saleh Mahmoud Zahran appeals his 132-month sentence and the district

court's denial of his motion to reconsider the restitution order with respect to the

tax loss for the tax evasion counts for years 1997 through 2004. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court's imposition of disparate sentences on Zahran and his

co-defendant wife was not unwarranted because they were convicted of different

crimes; his wife pleaded guilty to fewer, less serious offenses; and the district court

determined that Zahran was guilty of numerous, more serious offenses. *See United*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*States v. Ressam*, 679 F.3d 1069, 1094-95 (9th Cir. 2012) (en banc); *United States v. Carter*, 560 F.3d 1107, 1121 & n.3 (9th Cir. 2009). The disparity between Zahran's sentence and his wife's sentence therefore was not substantively unreasonable.

Moreover, the district court did not abuse its discretion by imposing an aggravating role adjustment under U.S.S.G. § 3B1.1(c) where Zahran's wife was granted a downward adjustment for minimal role. The district court could have imposed the aggravating role adjustment even if Zahran's wife was not convicted of any crime. *See* U.S.S.G. § 3B1.1 cmt. n.1.

**2.** There is no evidence to support Zahran's argument that the government presumed that all cash deposits were taxable gross receipts regardless of any notation or documentation stating otherwise. The record demonstrates that the government excluded a total of $568,859.03 as loans, even though there were no promissory notes, loan schedules, correspondence regarding any loans, or documents of any kind that firmly substantiated any loans from or to clients or family members. Zahran failed to identify any deposits that he alleged were gifts, loans, or repayments of loans, nor did he present any witnesses, declarations, or affidavits to support his claim. His own self-serving testimony is not adequate proof of additional loans. *See Mahigel v. Comm'r*, 46 T.C.M. (CCH) 1217 (1983).

3

Additionally, the record demonstrates that Agent Haas reviewed "all available bank records (including statements and cancelled checks) for all sixteen bank accounts" to "reconstruct[] a total of $711,609.97 in business expenses for the years 1997 through 2004." The district court was not required to take Zahran's word that there were more business expenses that could have been deducted. *See Mahigel*, 46 T.C.M. (CCH) 1217. Thus, the district court did not err in denying Zahran's second motion to reconsider the restitution order.

**AFFIRMED.**

4